# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CAROLYN PATRICIA LYNN, as
Administrator of the Estate of
Milton Lynn,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.

No. 2:17-CV-78

## ORDER

For the reasons below, this case cannot be remanded.

### Background

**Lynn Sues National Union in State Court for Allegedly Breaching Insurance Contracts**

Plaintiff Carolyn Patricia Lynn sued Defendant National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union")[1] in the Superior Court of Glynn County on November 10, 2016. Dkt. No. 1-2 at 9. She alleged that her late husband, Milton, had fallen on October 26, 2013. Id. at 9-10 ¶¶ 2, 7. He went to the hospital and developed cellulitis, an abscess,

---

[1] The Court's July 10, 2017 order misidentified the defendants currently in this case. The other two were voluntarily dismissed without prejudice prior to removal. Dkt. No. 1-2 at 52-53.

and sepsis. Id. at 10 ¶ 9. The sepsis contributed to kidney failure, leading to dialysis and more hospitalizations. Id. at ¶¶ 9-10. On April 17, 2014, Milton's leg was amputated; thereafter, he "was admitted to the hospital on many occasions." Id. ¶¶ 11-12. Milton died from the injuries and complications on October 27, 2015. Id. ¶ 13.

National Union allegedly insured Milton, but "did not pay [him] all that was due to him under his . . . contract." Id. at 10-11 ¶¶ 14, 16. The complaint therefore alleged breach of contract. Id. at 11 ¶¶ 18, 20.

**Lynn Calculates Damages and National Union Removes**

Lynn sent discovery demands on November 7, 2016. Id. at 15, 28. She sought "[a] copy of any insurance policy and any renewals covering the incident complained of." Id. at 27 ¶ 3.

National Union responded on January 13, 2017. Id. at 69, 79. It named four policies issued to Milton. Id. at 67 ¶ 13. As for why it did not think they applied, National Union referred Lynn to eleven denial letters it produced. Id. at 68 ¶ 15.

On April 11, 2017, the parties jointly moved the Superior Court to extend discovery, partly "to allow [Lynn] to review the information and documents produced – such that the Parties could clarify [Lynn's] claims and discuss an early resolution of the case." Id. at 84 ¶ 6.

National Union sent its first interrogatories on May 25, 2017. Id. at 104. It asked Lynn to "identify each claim for which [she] contend[s] National Union erroneously failed to provide coverage," including "the applicable policy" and "the amount [she] contend[s] is owed for the claim." Id. at 101 ¶ 15.

On June 6, 2017, the parties jointly moved to continue the trial and extend discovery. Id. at 117. They explained that National Union had sought information from Lynn "regarding which claims [Lynn] believed were improperly denied and, as [Lynn] was a named insured under several policies, which policies [Lynn] believed to be applicable." Id. at 118 ¶ 5. Lynn needed discovery from National Union to "clarify" this. Id. ¶ 7. As of May 11, 2017, the parties claimed, they had realized that "the factual and legal issues were significantly more complex than initially contemplated," and that "the amount of damages sought by [Lynn] remain[ed] unclear and undetermined." Id. at 120 ¶¶ 15-16.

Finally, on June 23, 2017, Lynn responded to National Union's discovery demands. Dkt. No. 1-12 at 25. Relevantly here, to "identify each claim for which [she] contend[s] National Union erroneously failed to provide coverage," Lynn simply stated, "Plaintiff refers to eleven denial letters [she] received from Defendant." Id. at 21. For the first

time in Superior Court, she included a chart reflecting $486,200.37 in damages. Dkt. No. 1-15 at 10.

National Union removed the case to this Court on July 6, 2017. Dkt. No. 1. Lynn moved for remand the next day. Dkt. No. 4. National Union responded on July 10, 2017. Dkt. No. 8. The Court heard oral argument by telephone on the motion on July 11, 2017. The motion is now ripe for disposition.

## LEGAL STANDARD

Federal courts' jurisdiction is limited to "that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). District courts have jurisdiction over cases featuring diversity of citizenship (like this one) "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

A defendant can remove a civil suit to federal court within 30 days of either the plaintiff's initial pleading or "receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1), (3). Where "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). "Preponderance" means that removability is "unambiguously"

clear. Id. at 1213. Although "absolute certainty is neither attainable nor required, the value of declaratory . . . relief must be 'sufficiently measurable and certain'." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1316 (11th Cir. 2014) (quoting Morrison v. Allstate Ins. Co., 28 F.3d 1255, 1269 (11th Cir. 2000) (citation omitted)). Removal is improper if the amount in controversy is "too speculative and immeasurable." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (quoting Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc., 120 F.3d 216, 221-22 (11th Cir. 1997)); see also Helmly v. Kmart Corp., No. CV 616-023, 2016 WL 5419435, at *2 (S.D. Ga. Sept. 27, 2016) ("[W]hile the Court may use its 'judicial experience and common sense,' the allegations in the complaint must reasonably support the conclusion that the amount in controversy is satisfied. Generalized facts . . . will not suffice." (internal citations omitted)).

## DISCUSSION

The parties dispute whether National Union knew this case was removable at the time of the complaint or only after receipt of Lynn's discovery responses. The complaint did not establish removability, as it did not unambiguously indicate that at least $75,000 was in controversy, so removal was

timely and this case cannot be remanded.[2]  The complaint does allege serious injuries and years' worth of medical conditions resulting in death.  Had the complaint said National Union paid nothing, that *might* have established removability.[3]  But because the complaint in fact only alleged that National Union failed to pay "all" that was due, without elaboration, National Union had no way of figuring out whether Lynn was demanding 0.01% of the coverage or 99.99%.  Dkt. No. 1-2 at 11 ¶ 16.  And it could not have removed based on a pure guess. Lowery, 483 F.3d at 1215.  Removal based on the complaint would have been improper.  Present removal was timely.

## CONCLUSION

National Union "should not be penalized for concluding that it could not remove this action in good faith without further inquiry."  Webb v. Home Depot, USA, Inc., No. Civ.A. 00-220, 2000 WL 351992, at *3 (M.D. Ala. Mar. 27, 2000). Lynn's Motion for Remand, dkt. no. 4, is **DENIED**.  The parties

---

[2] For the reasons below, it would not have mattered even if National Union needed to consider the coverage-denial letters in its possession.  Compare Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888 (11th Cir. 2011) (per curiam) with Anderson v. Select Portfolio Servicing, Inc., No. 1:17-CV-10, 2017 WL 2812887, at *4-5 (S.D. Ga. June 29, 2017) (discussing Lowery, 483 F.3d at 1188-89); Clark v. Unum Life Ins. Co. of Am., 95 F. Supp. 3d 1335, 1354-56 (M.D. Fla. 2015); Callahan v. Countrywide Home Loans, Inc., No. 3:06CV105, 2006 WL 1776747, at *4 (N.D. Fla. June 26, 2006).

[3] Contrast Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1065-66 (11th Cir. 2010); Peters v. Wal-Mart Stores E., L.P., No. 1:13-CV-76, 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013); Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013); with Helmly, 2016 WL 5419435, at *2; Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1313 (N.D. Ga. 2013).

are **DIRECTED** to confer with Judge Baker via telephone conference on **July 12, 2017** at **11:30 a.m.** to implement a speedy plan for resolution of this case.

**SO ORDERED**, this 11th day of July, 2017.

                                     /s/ Lisa Godbey Wood
                                     HON. LISA GODBEY WOOD, JUDGE
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF GEORGIA