# In the United States District Court for the Southern District of Georgia Brunswick Division

CAROLYN PATRICIA LYNN, as
Administrator of the Estate of
Milton Lynn,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.

No. 2:17-CV-78

### ORDER

Plaintiff filed an emergency motion for reconsideration of this Court's July 11, 2017 order denying remand. Dkt. No. 11. Defendant responded in opposition. Dkt. No. 13. The motion will be denied. Reconsideration is "an extraordinary remedy, which should be granted sparingly." Deep Sea Fin., LLC v. QBE Ins., Ltd., No. CV 410-219, 2013 WL 1288972, at *2 (S.D. Ga. Mar. 27, 2013) (quoting Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010)). A court "must balance the need for finality and judicial economy against the need to render just decisions." Id. (quoting Whitesell Corp., 2010 WL 4025943, at *7). Reconsideration "should not be used to

AO 72A
(Rev. 8/82)

relitigate issues which have already been found lacking." Id. (quoting Whitesell Corp., 2010 WL 4025943, at *7). It is only proper given legal changes, new evidence, or "the need to correct a clear error of law or prevent manifest injustice." Id. (quoting Whitesell Corp., 2010 WL 4025943, at *7).

Plaintiff does not raise a change in the law or new evidence. She does attempt, repeatedly, to relitigate issues. Dkt. No. 11 ¶¶ 3, 5, 9-10. She also improperly brings forward new arguments. Id. ¶¶ 7-8[1]; Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."); see also Kante v. Countrywide Home Loans, 430 F. App'x 844, 847 (11th Cir. 2011) (per curiam). Lastly, she grossly mischaracterizes the record. Contrast Dkt. No. 11 ¶¶ 4-5 (claiming "Plaintiff alleged that she was owed *all* that was due under the insurance contact [sic]" and "Plaintiff alleged that she was owed all that was due the insurance contract [sic]") with Dkt. No. 1-2 at 11 ¶ 16 (alleging, in fact, that "Defendant[ ] did not pay . . . all that was due"

---

[1] Even were it timely, Plaintiff's argument that Defendant had to prove removability "under the legal certainty test," rather than by a preponderance of the evidence, id. ¶ 7, is plain wrong. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated in part on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."); see also Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388, 1389 (M.D. Ala. 1998).

(emphasis added)); Dkt. No. 11 ¶¶ 4-5 (accusing this Court of "shelv[ing] common sense") with Dkt. No. 10 at 5 (acknowledging that this Court can use common sense—but must base its decision on "the allegations in the complaint" (citation omitted)); Dkt. No. 11 ¶ 11 ("[T]he burden of proof . . . does not seem to even have been considered in this Court's Order.") with Dkt. No. 10 at 4 (observing that "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." (citation omitted)); Dkt. No. 11 ¶ 11 (arguing that the Court should have remanded given its supposed doubt "as to whether Plaintiff was 'demanding 0.01% of the coverage or 99.99%'") with Dkt. No. 10 at 6 (finding, in fact, that at the time of the original complaint, Defendant could not have determined this).

Lynn's reconsideration motion is neither winsome nor, more importantly, winning. For the reasons above, it is **DENIED**.

**SO ORDERED**, this 14th day of July, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA